UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MAR TIGREROS,

                  Plaintiff,

    -against-

NEW YORK CITY HEALTH & HOSPITALS
CORPORATION,
SERGEANT RAMIREZ, Individually,
SERGEANT KENNEDY, Individually,
EDWARD SANTIAGO, Individually,
MARITZA GALARZA, Individually,
EDGARDO MARRERO, Individually, and
RHODENE WHYTE, Individually,

                  Defendants.

-------------------------------------------------------X

Civil Case No: 17-cv-902

Plaintiff Demands a
Trial by Jury

**COMPLAINT**

Plaintiff, MAR TIGREROS (hereinafter referred to as "Plaintiff" or "TIGREROS"), by and through her attorneys, the DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant NEW YORK CITY HEALTH & HOSPITALS CORPORATION, (hereinafter referred to as "Defendant" or "NYC HHC") Defendant SERGEANT RAMIREZ (hereinafter referred to as "RAMIREZ"), Defendant SERGEANT KENNEDY (hereinafter referred to as "KENNEDY"), Defendant SERGEANT EDWARD SANTIAGO (hereinafter referred to as "SANTIAGO"), Defendant MARITZA GALARZA (hereinafter referred to as "GALARZA"), Defendant SERGEANT D. (hereinafter referred to as "D"), Defendant LIEUTENANT EDGARDO MARRERO (hereinafter referred to as "MARRERO"), Defendant SERGEANT RHODENE WHYTE (hereinafter referred to as "WHYTE") and (collectively referred to as the "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff MAR TIGREROS complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. § 1981, the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, race discrimination, national origin discrimination, hostile work environment, retaliation and wrongful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of the action is conferred upon the Court as this action involves a Federal Question under Title VII of the Civil Rights Act of 1964.

3. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

4. Venue is proper in this District based upon Defendants residency and place of business within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

5. On or about May 17, 2016, Plaintiff submitted a Charge of Discrimination to the City of New York Commission on Human Rights with a cross-complaint to the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on national origin and race.    Plaintiff's state complaint number is 10181548. Plaintiff's federal charge number is 16GB602723.

6.  On or about October 12, 2016, Plaintiff received a Right to Sue Letter from the New York Commission of Human Rights.

7.  On or about November 21, 2016, Plaintiff received a Right to Sue Letter from the EEOC.

8.  Plaintiff satisfied all administrative prerequisites and is filing the case within ninety (90) days of receiving the Right to Sue Letter.


## PARTIES

9.  Plaintiff is a female of Colombian descent who is a resident of the State of New York, Queens County.

10. At all times material, NEW YORK CITY HEALTH & HOSPITALS CORPORATION is a domestic not-for-profit corporation duly existing by virtue of the laws of the State of New York that does business in the State of New York.

11. At all times relevant Plaintiff worked for NYC HHC.

12. At all times material, RAMIREZ was and is one of the Supervisors for Defendant NYC HHC.

13. At all times material, RAMIREZ had supervisory authority over Plaintiff with regard to her employment.

14. At all times material, KENNEDY was and is one of the Supervisors for Defendant NYC HHC.

15. At all times material, KENNEDY had supervisory authority over Plaintiff with regard to her employment.

16. At all times material, SANTIAGO was and is one of the Supervisors for Defendant

NYC HHC.

17. At all times material, SANTIAGO had supervisory authority over Plaintiff with regard to her employment.

18. At all times material, GALARZA was and is one of the Supervisors for Defendant NYC HHC.

19. At all times material, GALARZA had supervisory authority over Plaintiff with regard to her employment.

20. At all times material, MARRERO was and is one of the Supervisors for Defendant NYC HHC.

21. At all times material, MARRERO had supervisory authority over Plaintiff with regard to her employment.

22. At all times material, WHYTE was and is one of the Supervisors for Defendant NYC HHC.

23. At all times material, WHYTE had supervisory authority over Plaintiff with regard to her employment.

### MATERIAL FACTS

24. Around November 6, 2015, Plaintiff accepted a position as a Special Officer with Defendant NYC HHC's Lincoln Hospital, in the Security Department.

25. Around January of 2016, Plaintiff TIRGREROS commenced employment with Defendants as a Special Officer in the Security Department of Lincoln Hospital.

26. Plaintiff's duties as a Special Officer included patrolling designated areas to ensure security and safeguarding of life and property against fire, theft, and vandalism; controlling access where indicated; evicting loiterers and disorderly persons, arresting

law violators as necessary; and providing assistance to the sick, injured, mentally and physically disabled as necessary.

27. Around February 2016 and March 2016, Plaintiff made several workplace violence complaints regarding harassment by various co-workers. Defendants failed to take any corrective action regarding Plaintiff's complaints.

28. Around March 6, 2016, Defendant DIAZ asked Plaintiff why she was working for Defendants and told Plaintiff, "We usually only have African Americans and Puerto Ricans here."

29. Plaintiff was offended by these discriminatory comments and complained to Defendants, including submitting a workplace violence indecent report to Defendants.

30. Additionally, throughout her employment, Defendants consistently told the Plaintiff, "you sound different," and constantly made fun of Plaintiff's accent.

31. Plaintiff complained to Defendants RAMIREZ, KENNEDY, SANTIAGO, GALARZA, DIAZ, MARRERO and WHYTE regarding the discriminatory comments and the harassment and hostile work environment she faced, but the Defendants failed to take any corrective action.

32. In retaliation for her complaints of discrimination, the Defendants retaliated against Plaintiff by assigning Plaintiff to the riskiest and least desirable posts within the facility, while assigning her harassers to the least risky and most desirable posts.

33. Additionally, in retaliation for Plaintiff's complaints, the Defendants began to issue false performance write ups and evaluations against Plaintiff.

34. Around March 25, 2016, Plaintiff was suspended without pay because of her race and national origin, and in retaliation for her complaints of discrimination and hostile

work environment.

35. Around April 29, 2016, Plaintiff was wrongfully terminated by Defendants because of her race and national origin and in retaliation for her complaints of discrimination and hostile work environment.

36. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

40. The above are just some of the examples if unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (not against any individual Defendants)

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

42. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

43. DEFENDANT engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing race discrimination, harassment, and causing a hostile work environment.

<u>**AS A SECOND CAUSE OF ACTION**</u>
<u>**FOR RETALIATION UNDER TITLE VII**</u>
<u>**(not against any individual Defendants)**</u>

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

45. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

46. DEFENDANT engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of DEFENDANT.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

48. 42 U.S.C. Section 1981 states as follows, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

49. Section 1981 further states that "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

50. Defendants' discrimination against Plaintiff is in violation of the rights of Plaintiff as afforded to him by the Civil Right Act of 1866, 42 U.S.C. 1981.

51. By the conduct described above, Defendants intentionally deprived the Plaintiff, a Colombian female, of the same rights as are enjoyed by all citizens to the creation, performance, enjoyment, and all benefits and privileges of her contractual employment relationship with Defendant.

52. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life

because of Defendant's actions, thereby entitling her to compensatory damages.

53. Defendants acted with malice or reckless indifference to the rights of the above-named Columbian thereby entitling her to an award of punitive damages.

54. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for her opposition to Defendants' unlawful employment practices.

55. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award her the relief prayed for below.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF THE FOURTEENTH
## AMENDMENT TO THE U.S. CONSTITUTION AND 42 U.S.C. SECTION 1983
## (AGAINST ALL DEFENDANTS)

56. 42 U.S.C. § 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

57. Defendants have adopted a custom or policy of providing inferior terms and conditions of employment to Latino employees in contrast with Caucasian employees, including but not limited to providing Latino employees with inferior compensation,

job assignments and promotions.

58. By the acts and practices described above, and pursuant to a discriminatory custom or policy, Defendants have discriminated against plaintiff in the terms and conditions of her employment on the basis of her race, in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

59. Defendants actions were taken under the color of state law.

60. Defendants acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

61. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1983 for her opposition to Defendants' unlawful employment practices.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (AGAINST ALL DEFENDANTS)

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. DEFENDANT engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his age, national origin, disability, and causing a

hostile work environment.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

68. DEFENDANTS engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

70. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

71. DEFENDANTS engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

### AS AN EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

74. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's age, national origin and disability.

75. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

### AS A NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall

be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

78. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

81. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall

be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

84. DEFENDANTS violated the above section as set forth herein.

**AS A TWELFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's

discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

87. DEFENDANTS violated the above section as set forth herein.


## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.


**WHEREFORE,** Plaintiff demands judgement against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:   New York, New York
         February 7, 2017

                                        DEREK SMITH LAW GROUP, PLLC
                                        Attorneys for Plaintiff

By:

                                        Abraham Z. Melamed, Esq.
                                        30 Broad Street, 35th Floor
                                        New York, New York 10004
                                        (212) 587-0760